FILED
2018 JAN 25 PM 3:12
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CFK, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:17CV00099<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS**<br><br>Judge Bruce S. Jenkins |

Defendant United States of America has moved to dismiss CFK, LLC's Fed. R. Crim. P. 41(g) motion for return of $746,798.32 in funds seized by the government.[1] Plaintiff CFK opposed the motion.[2] The Government argues that the Court should dismiss CFK's motion because once the government filed a civil forfeiture complaint CFK could no longer show that it lacked an adequate legal remedy as required to obtain equitable relief under Rule 41(g). The Government further argues that when CFK gained an adequate legal remedy to address its claims to the seized funds that this Court no longer had jurisdiction to grant CFK equitable relief.[3] CFK argues that because the government delayed filing its civil forfeiture the court retains jurisdiction under *United States v. Floyd*, 860 F.2d 999 (10th Cir. 1988). CFK further argues that even if the court lacks jurisdiction under Rule 41(g), it retains jurisdiction under 18 U.S.C. § 981(b)(3).[4]

---

[1] Mot. to Dismiss, ECF No. 20; Reply in Support of Mot. to Dismiss, ECF No. 23.

[2] Resp. to Mot. to Dismiss, ECF No. 22.

[3] Mot. to Dismiss at 2-3; Reply 1-3.

[4] Resp. 6-10.

For the reasons set forth herein, the court GRANTS the United States' motion for dismissal and DENIES WITHOUT PREJUDICE Plaintiff CFK's motion for return of property.

FACTUAL BACKGROUND

The Defense Criminal Investigative Service ("DCIS") initiated an investigation into a health care fraud involving CFK, LLC. As part of its investigation, DCIS seized $746,798.32 from a Wells Fargo Bank account in the name of CFK pursuant to a seizure warrant issued in the Southern District of California on January 21, 2016. That same day agents executed a search warrant in Utah at a pharmacy operated by CFK. On June 13, 2017, CFK filed a motion under Fed. R. Crim. P. 41(g) seeking the return of the seized funds.[5] The court initially scheduled oral argument on the merits of CFK's motion for November 29, 2017.[6] One day before the hearing on the merits, on November 28, 2017, the government filed a civil forfeiture complaint in the Southern District of California naming the seized funds sought for return in this case as a defendant.[7] The court rescheduled the hearing on the merits for January 18, 2018.[8] On December 19, 2017, the United States filed its motion to dismiss for lack of jurisdiction.[9] On January 18, 2018, the court heard oral argument on the motion to dismiss.[10]

---

[5] ECF No. 2.

[6] ECF No. 15.

[7] See Complaint, *United States v. $746,798.32 in U.S. Currency*, No. 17CV2393 (ECF No. 1).

[8] ECF No. 18 (minute entry).

[9] ECF No. 20.

[10] ECF No. 24.

## ANALYSIS

A Rule 41(g) motion seeking return of seized property is an equitable action. Whether to exercise jurisdiction under Rule 41(g) is based on equitable principles. *Frazee v. I.R.S.*, 947 F.2d 448, 449 (10th Cir. 1991).[11] Equitable relief under Rule 41(g) is only available if a movant "can show irreparable harm and an inadequate remedy at law." *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006). Jurisdiction under Rule 41(g) "should be exercised with caution and restraint." *Floyd*, 860 F.2d at 1003.

Movant CFK, LLC cannot show that it has an inadequate remedy at law and so the court agrees with the United States that it must dismiss CFK's motion. When the government filed its civil forfeiture complaint against the seized funds CFK seeks, CFK could no longer show that it lacked a legal remedy. A civil forfeiture proceeding provides an adequate legal remedy. *See United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000) (civil forfeiture provided adequate remedy; no need for a motion for return of property once the forfeiture proceeding was filed); *Frazee*, 947 F.2d at 449-50 ("That remedy is adequate because the legality of the seizure may be tested in a judicial forfeiture.").

CFK's assertion that *Floyd* supports its argument that the court retains jurisdiction. The *Floyd* court considered whether an administrative forfeiture provided an adequate remedy requiring dismissal of the motion for return of property. *Floyd*, 860 F.2d at 1003-04. The *Floyd* court held that it did not in that case because, while the government intended to proceed

---

[11] Rule 41(g) was formerly number Rule 41(e), but the substance of the rule remains the same. Case law such as *United States v. Frazee* that considered Rule 41(e) apply to consideration of Rule 41(g).

with an administrative forfeiture, it had not completed the required steps to do so by the time of the Rule 41 hearing. *See id.* at 1004 (the government had not published statutory notice of the administrative forfeiture). The scenario in *Floyd* is not the one facing this court.

In contrast, *Frazee* provides a direct analogue because that case involved the same circumstance facing this court: the filing of a civil forfeiture after the filing of a Rule 41(g) motion for return of property, but before a hearing on the motion's merits. *Id.* at 449. *Frazee* also distinguished *Floyd* in the same manner as applicable here:

> Unlike the claimant in *Floyd* . . . the Frazees had a remedy available to challenge the seizure *at the time* of the Rule 41(e) hearing. That remedy is adequate because the legality of a seizure may be tested in a judicial forfeiture.

*Id.* at 450 (emphasis added). Once the government filed its civil forfeiture, CFK obtained an adequate remedy at law and it is irrelevant that it filed its equitable motion for return of property first. *See, e.g., Matter of Search of Premises Known as 6455 S. Yosemite, Englewood, Colo.*, 897 F.2d 1549, 1556 n.6 (10th Cir. 1990) (noting that even if a motion for return of property were pending before an indictment's return, upon indictment "an adequate legal remedy is available in the district court with jurisdiction over the indictment and equitable jurisdiction is no longer necessary or proper."); *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989) (even though a claimant filed a motion for return of property before criminal charges were brought against her, once the government instituted a civil forfeiture she could not prefer the equitable remedy over the legal remedy provided to her through the civil proceedings); *$8,050.00 in U.S. Currency v. United States*, 307 F. Supp. 2d 922, 926-27 (N.D. Ohio 2004) (comprehensive provisions enacted by CAFRA in section 983(a) give claimant an adequate remedy at law for contesting a civil forfeiture; thus, once the Government commences administrative forfeiture, the Rule 41(g)

motion must be dismissed; claimant's argument that he filed his motion first is without merit); *In re The Seizure of All Funds...National Electronics, Inc.*, No. M-18-65, 2005 WL 2174052, at *2 (S.D.N.Y. 2005) (unpublished) ~~(Government's commencement of a civil judicial forfeiture the day after claimant filed a Rule 41(g) motion deprived the district court of subject matter jurisdiction over the Rule 41(g) motion).~~

Finally, CFK's reliance on 18 U.S.C. § 981(b)(3) is also misplaced. That section does not convey this court with independent jurisdiction to hear a motion for return of property. Section 981(b)(3) merely provides for where claimants may properly file a motion for return of property. It does not itself authorize the filing of such a motion. Instead, only Rule 41(g) authorizes the filing of motions for return of property. *See Tucker v. United States*, No. 14CV01795, 2014 WL 7506803, at *1 (C.D. Cal. Dec. 15, 2014) (deeming that claimants' motion for return of property was under Rule 41(g) and not under 18 U.S.C. § 981(b)(3) as argued by claimants because Section 981(b)(3) "only describes where such a motion should be filed").

In sum, CFK will have an opportunity to make any challenges regarding the government's seizure of the $746,798.32 in the civil forfeiture proceeding. The motion in this case served its purpose by prompting the government to file its civil forfeiture complaint. *See United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 569 (1983) (noting that a "claimant is able to trigger rapid filing of a forfeiture action if he desires it").

## ORDER

IT IS HEREBY ORDERED that the United States' motion to dismiss[12] is GRANTED. Plaintiff CFK, LLC's Rule 41(g) motion for return of property is DISMISSED WITHOUT PREJUDICE.

Signed January 25, 2018.

BY THE COURT

Bruce S. Jenkins
United States District Judge

---

[12] ECF No. 20.